J. Charles Hepworth (ISB #2878)
Zach S. Zollinger (ISB #9259)
Hepworth Holzer, LLP
P.O. Box 2582
Boise, ID  83701
208-343-7510 (Telephone)
208-342-2927 (Facsimile)
chepworth@hepworthholzer.com
zzollinger@hepworthholzer.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## EASTERN DIVISION

| | |
|---|---|
| Mark Ruston, individually and as Wrongful Death Representative of Mackenzie Anastasia Ruston, deceased, Dawn Ruston, individually and as Wrongful Death Representative of Mackenzie Anastasia Ruston, deceased, Michael Ruston, individually, and Matthew Ruston, individually,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Lynn Genzlinger, as Personal Representative of The Estate of B. Reade Genzlinger and Wyoming Wings, LLC,<br><br>　　　　Defendants. | Case No._____<br><br><br><br><br>**COMPLAINT** |

## COMPLAINT

Plaintiffs Mark Ruston, Dawn Ruston, Michael Ruston, and Matthew Ruston, by and through their undersigned counsel, bring this Complaint against Lynn Genzlinger, as Personal

Representative of the Estate of B. Reade Genzlinger, and Wyoming Wings, LLC.  In support of this Complaint, Plaintiffs allege the following:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs Mark Ruston and Dawn Ruston are the father and mother of Mackenzie Anastasia Ruston, deceased (hereinafter, "Mackenzie").

2. Plaintiffs Mark Ruston and Dawn Ruston have petitioned or soon will petition a state court in Wyoming to appoint them as Wrongful Death Representatives pursuant to Wyoming Statute § 1-38-103.  They bring this action individually and on behalf of other potential beneficiaries entitled to recover damages for the wrongful death of Mackenzie.

3. Plaintiffs Mark Ruston and Dawn Ruston are residents and citizens of North Carolina.

4. Plaintiffs Michael Ruston and Matthew Ruston are the siblings of Mackenzie. Michael Ruston is a resident and citizen of North Carolina.  Matthew Ruston is a resident and citizen of Texas.

5. Defendant Lynn Genzlinger was appointed by the Circuit Court in Lincoln County, Wyoming to serve as the Personal Representative of The Estate of B. Reade Genzlinger.

6. The Estate of B. Reade Genzlinger was opened in Lincoln County, Wyoming.

7. Defendant Wyoming Wings, LLC, is an active limited liability company that was formed in Wyoming and is principally based in Wyoming.

8. This Court has diversity jurisdiction over the claims pursuant to 28 U.S.C. § 1332(a)(1) because this is an action between citizens of different states and the amount in controversy for the wrongful death of Mackenzie Anastasia Ruston greatly exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

9. Although the parties' relationship was centered in Alpine, Wyoming, venue is proper in this District under 28 U.S.C. § 1391(b)(2). Specifically, venue is proper in the Eastern Division of this District because this action arises out of the crash of an airplane that impacted terrain in Bonneville County, Idaho.

## FACTUAL ALLEGATIONS

10. On January 4, 2016, between 1530 hours and 1600 hours mountain standard time, Plaintiff's decedent, Mackenzie Anastasia Ruston, departed the Alpine, Wyoming airport as a passenger aboard a 1983 Yak 52 aircraft (hereinafter, "Yak 52") for a local, recreational flight ("Yak Flight").

11. The Yak 52 was registered to Wyoming Wings, LLC, bearing FAA registration number N912EB.

12. The Yak Flight was conducted as a Visual Flight Rules ("VFR") flight under the provisions of 14 C.F.R. Part 91.

13. At all times material, the Yak Flight was conducted in visual meteorological conditions ("VMC").

14. The Yak Flight was piloted by private pilot and Wyoming resident, B. Reade Genzlinger.

15. B. Reade Genzlinger planned to return to, and land at, the Alpine, Wyoming airport at the conclusion of the Yak Flight.

16. No flight plan was filed for the Yak Flight.

17. Tragically, Mackenzie Anastasia Ruston and B. Reade Genzlinger were killed when the Yak 52 impacted terrain in Bonneville County, Idaho, less than two miles from the runway of the Alpine, Wyoming airport.

**FIRST CLAIM FOR RELIEF –**

**NEGLIGENCE OF DECEDENT B. READE GENZLINGER**

18. Plaintiffs reallege the allegations above and below and incorporate them by reference.

19. As a pilot-in-command, B. Reade Genzlinger owed his passenger a common law duty to use the highest degree of care in his piloting of the Yak 52.

20. As a pilot-in-command, B. Reade Genzlinger also had a duty to: a) refrain from operating his aircraft in a careless or reckless manner so as to endanger the life or property of another (14 C.F.R. Part 91.13); b) maintain an altitude of no less than 1,500 feet above the ground when operating his aircraft in aerobatic flight (14 C.F.R. 91.303); c) refrain from operating his aircraft in formation flight unless he had made prior arrangement with the pilot in command of each aircraft in the formation flight (14 C.F.R. Part 91.111); and d) operate his aircraft no closer than 500 feet from any person, vessel, vehicle, or structure (14 C.F.R. Part 91.119).

21. B. Reade Genzlinger breached his aforesaid duties when he attempted aerobatic and/or unplanned formation flight at low altitude above ground, and further carelessly or recklessly operated the Yak 52 at such a low altitude that the Yak 52 impacted terrain.

22. B. Reade Genzlinger's breach of his duties directly and proximately caused the death of Mackenzie Anastasia Ruston, and further caused resulting damages to Plaintiffs, including pecuniary damages and damages for loss of probable future companionship, society, and comfort.

**SECOND CLAIM FOR RELIEF –**

**VICARIOUS LIABILITY OF WYOMING WINGS, LLC**

23. Plaintiffs reallege the allegations above and below and incorporate them by reference.

24. At all times material, B. Reade Genzlinger was acting as an employee, agent, or apparent agent of Wyoming Wings, LLC.

25. At all times material, B. Reade Genzlinger was acting within the course and scope of his employment, agency, or apparent agency with Wyoming Wings, LLC.

26. Accordingly, Wyoming Wings, LLC is vicariously liable for the negligence of B. Reade Genzlinger.

## **DAMAGES**

52. Plaintiffs reallege the allegations above and below and incorporate them by reference.

53. As a direct and proximate result of Defendants' conduct, Plaintiffs Mark Ruston and Dawn Ruston have suffered in the past and will suffer in the future emotional distress and the loss of their daughter's probable future companionship, society and comfort.

54. As a direct and proximate result of Defendants' conduct, Plaintiffs Michael Ruston and Matthew Ruston have suffered in the past and will suffer in the future emotional distress and the loss of their sister's probable future companionship, society and comfort.

WHEREFORE, Plaintiffs claim compensatory damages in an amount to be determined at trial, substantially in excess of Seventy-Five Thousand Dollars ($75,000.00), costs, and such further relief as the Court deems just.

//
//
//
//
//

Respectfully submitted this 9th day of November, 2017.

        <u>/s/ J. Charles Hepworth</u>
        J. Charles Hepworth (ISB #2878)
        Zach S. Zollinger (ISB #9259)
        Hepworth Holzer, LLP
        P.O. Box 2582
        Boise, ID  83701
        208-343-7510 (Telephone)
        208-342-2927 (Facsimile)
        chepworth@hepworthholzer.com
        zzollinger@hepworthholzer.com